IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,753-01






EX PARTE ROGELIO MIRANDA BACA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. B-30,473-A IN THE 161ST JUDICIAL DISTRICT COURT


FROM ECTOR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled
substance and sentenced to seventy-five years' imprisonment. The Eleventh Court of Appeals affirmed
his conviction. Baca v. State, No.11-04-00021-CR (Tex. App. - Eastland, June 1, 2006, no pet).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to investigate or interview witnesses, failed to communicate with Applicant, failed to file pre-trial motions, failed to move for disclosure of the identity of the confidential informant, failed to present a
defense, and failed to object to the introduction of an oral confession allegedly made by Applicant after the
heroin was discovered in his apartment. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294 (Tex.
Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court shall provide
Applicant's trial counsel with the opportunity to respond to Applicant's claim of ineffective assistance of
counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial attorney
was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: June 27, 2007

Do not publish